Civil No. 05-1596(HL)                                              Page -3-
*re: Cr. 02-042-3(HL)*

Petitioner has moved for Section 2255 relief alleging counsel Ignacio Rivera was

ineffective by:  (1) agreeing to a 2-level increase for obstruction of justice and waiving a

hearing; (2) failing to "protect his interests" before the district court proceedings as to the total

loss calculation by agreeing to a stipulation that petitioner was responsible for losses between

$350,000 and $600,000; (3) failing to argue, both at the trial and appellate levels, that petitioner

was not responsible for the total loss of $4.3 million alleged in the indictment but for the

amount stipulated in the Plea and Cooperation Agreement.  Petitioner further argues that his

sentence is excessive.

## The Law of the Case

The Court notes, at the outset, that "[w]hen a court decides upon a rule of law, that

decision should continue to govern the same issues in subsequent stages in the same case."

*Morris v. American Nat'l Can Corp.*, 988 F.2d 50, 52 (8th Cir. 1993), cited in *First Union Nat.*

*Bank v. Pictet Overseas Trust Corp., Ltd.*, ___ F.3d ___, 2007 WL 136043, *2 (8th Cir. Jan. 22,

2007).  This is meant to "prevent [] relitigation of settled issues in a case, thus protecting the

settled expectations of parties, ensuring uniformity of decisions, and promoting judicial

efficiency."  *Little Earth of the United States Tribes, Inc. v. United States Dept. of Hous. &*

*Urban Dev.*, 807 F.2d 1433, 1441 (8th Cir. 1986).

Petitioner has raised issues squarely decided on appeal.  Petitioner argues that he was

improperly denied a downward departure for substantial assistance and that his sentence should